## ELIAS v. COLEMAN & KRAUSE, Inc.

(Supreme Court, Appellate Term, First Department. November 8, 1912.)

CONTRACTS (§ 295\*)—ACTIONS—ALLEGATION OF PERFORMANCE—PROOF OF SUBSTANTIAL PERFORMANCE—RECOVERY.

> A plaintiff, pleading performance of the contract sued on, and proving substantial performance, may recover the contract price, less an allowance for the negligible portion of the work not done.

> [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1353–1356, 1362; Dec. Dig. § 295.\*]

Appeal from City Court of New York, Trial Term.

Action by Joseph Elias against Coleman & Krause, Incorporated. From a judgment of dismissal at the close of the case of plaintiff, he appeals. Reversed, and new trial ordered.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Paskus, Cohen & Gordon, of New York City (Arthur B. Hyman, of New York City, of counsel), for appellant.

Warren McConihe, of New York City, for respondent.

BIJUR, J. The only question raised on this appeal is whether plaintiff had sufficiently proved performance of his contract, which was to cut and install glass in frames to be furnished by defendant. The record certainly discloses a prima facie case of substantial performance.

The learned court below seems to have been of opinion that, under a pleading alleging performance, proof of substantial performance was not sufficient, but that, in such case, waiver of the part unperformed must be pleaded and proved. Plaintiff, however, claimed no waiver, and the law is that, upon substantial performance, plaintiff is entitled to recover the contract price, less an allowance for the negligible portion of the work which was not done.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.